## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| OLDCASTLE PRECAST, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. _____ |
| ) | |
| GUY M. TURNER, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

Oldcastle Precast, Inc. ("Oldcastle") for its Complaint against Defendant Guy M. Turner, Inc. ("Turner") states as follows:

## PARTIES AND JURISDICTION

1. Oldcastle is a For Profit Corporation organized under the laws of the State of Washington with its principal place of business located in Auburn, Washington.

2. Turner is a For Profit Corporation organized under the laws of the State of North Carolina with its principal place of business located at 4514 S. Holden Road, Greensboro, North Carolina 27406-9510. Turner's registered agent is C T Corporation System, 289 S Culver St., Lawrenceville, Georgia 30046-4805.

3. Jurisdiction is proper within this Court pursuant to 28 U.S.C. § 1331 with respect to the first cause of action in that it arises out of issues of interstate commerce under the laws or treaties of the United States with an amount in dispute exceeding $10,000, exclusive of interests and costs, and pursuant to a forum-selection clause in the contract between the parties. Oldcastle respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the second and third cause of action.

4. Venue is proper in this Court pursuant to a forum-selection clause in the contract between the parties and because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

5. On February 4, 2010, Oldcastle and Turner entered into a written agreement entitled Motor Carrier/Shipper Agreement for the provision of transportation services by Turner for Oldcastle ("Contract"). A true and correct copy of the Contract is attached to this Complaint as **Exhibit P-1** and by this reference is made a part hereof.

6. In December 2015, Black Diamond General Contracting, Inc. issued a subcontract agreement to Oldcastle for the purchase of three specially-fabricated concrete shelters, one of which (the "Shelter") was to be delivered to Black

- 3 -

Diamond's job site in Miami, Florida ("Project"). Oldcastle manufactured the shelters, including installation of electrical components, at its Newnan, Georgia facility. Subsequently, and pursuant to the Contract, Oldcastle and Turner arranged for Turner to deliver the Shelter to the Project.

7. On August 29, 2016, Turner was to deliver the two halves of the Shelter to the Project. After leaving Oldcastle's facility in Newnan, Georgia, while exiting I-85 North onto I-285 East on the South side of Atlanta, Turner negligently overturned its trailer and dumped the half of the Shelter containing special materials including HVAC, electrical, tile, etc., causing significant damages and costs incurred by Oldcastle.

8. Turner did not deliver the half of the Shelter that it did not lose control of on the interstate. Instead, Turner held that half of the Shelter on its truck at a rest stop for several days before returning it to Oldcastle's facility in Newnan, Georgia and refusing to complete the delivery.

9. The half of the Shelter that Turner lost control of on the interstate and its contents were a total loss. Oldcastle had to re-fabricate that half of the shelter and repurchase components. Oldcastle has sustained damages in the sum of not less than $264,260.78.

## COUNT I – LIABILITY OF TURNER PURSUANT TO THE CARMACK AMENDMENT, 49 U.S.C § 14706, ET. SEQ.

10. Oldcastle hereby adopts by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

11. On or about July 28, 2016, Oldcastle contracted with Turner to transport the Shelter from Newnan, Georgia to the Project in Miami, Florida. Turner agreed, or otherwise as a matter of law was charged, for good and valuable consideration, to undertake physical transportation of the Shelter from Newnan, Georgia to the Project in Miami, Florida, and to deliver the Shelter in the same good order and condition in which Turner received the Shelter.

12. The Shelter was duly tendered in its entirety to Turner in good order and condition. However, Turner failed to deliver the Shelter in good order and condition, as Turner negligently overturned its trailer and lost control of half of the Shelter prior to arrival at the Project and held the other half of the Shelter on its truck at a rest stop for several days before returning it to Oldcastle's facility in Newnan, Georgia.

13. Turner's obligations of interstate transportation of the Shelter are, and at all material times here were, governed by the Carmack Amendment, 49 U.S.C. § 14706, et. seq. ("Carmack"), under which Turner owed the highest degree of care

in relation to the Shelter. In failing to deliver the Shelter in good order and condition, Turner breached its statutory obligations under Carmack.

14. As a direct and proximate result of Turner's acts and omissions, damages were incurred by Oldcastle in the sum of not less than $264,260.78.

## COUNT II – LIABILITY OF TURNER FOR BREACH OF CONTRACT

15. Oldcastle hereby adopts by reference the allegations in preceding paragraphs of this Complaint as if fully stated herein.

16. On February 4, 2010, Robbie Stephens, as the Terminal Manager and an authorized representative of Turner, executed the Contract between Oldcastle and Turner with an effective date of February 4, 2010.

17. On or about August 26, 2016, Turner, by and through Clarence Gilbert, agreed to transport the Shelter from Newnan, Georgia to the Project in Miami, Florida, and to care for, protect, handle, transport, discharge, and deliver the Shelter under specified terms and conditions, more specifically set forth in the Contract.

18. Half of the Shelter was damaged while it was under the care, custody and control of Turner, which damage itself is a breach of the Contract.

19. The other half of the Shelter was never delivered, which is itself also a breach of the Contract.

20. Pursuant to the Contract, Turner agreed to defend, indemnify and hold harmless Oldcastle from all damages, losses, and expenses (including attorney's fees) arising out of or in any way involving the activities or operations of Turner or its agents, servants, employees, or officers.

21. Turner further breached the Contract by failing to pay Oldcastle for the damages incurred by Oldcastle when Turner overturned its trailer irreparably damaging the Shelter despite Oldcastle's demand for the same.

22. Turner further breached the Contract by refusing to haul the replacement load and refusing to reimburse Oldcastle for the additional cost of transporting the Shelter subsequent to Turner's refusal to the deliver any part of the Shelter.

23. Turner's refusal to deliver the replacement load as well as the half of the Shelter that it did not lose control of, but held several days before returning to Oldcastle, resulted in extra trucking costs of $66,835.40. As a direct and proximate result of Turner's breaches of the Contract, damages were incurred by Oldcastle in the sum of not less than $264,260.78.

## **COUNT III – LIABILITY OF TURNER FOR NEGLIGENCE**

24. Oldcastle hereby adopts by reference the allegations in the preceding paragraphs of this Complaint as if fully stated herein.

25. Turner agreed to transport the Shelter from Newnan, Georgia to the Project in Miami, Florida. In agreeing to perform that transportation, Turner undertook a duty and to care for, protect, handle, transport, discharge, and deliver the Shelter in the same good order and condition as when Turner received the same.

26. Turner received the Shelter in good order and condition. But, Turner breached the aforementioned duty of care by failing and neglecting to deliver the Shelter in the same good order and condition as when Turner received the same. To the contrary, the Shelter was irreparably damaged while it was in the care, custody, and control of Turner prior to delivery.

27. By reason of the foregoing breach, Oldcastle incurred damages in the sum of not less than $264,260.78.

WHEREFORE, Oldcastle prays for judgment on its complaint as follows:

1. For a judgment against Turner for monetary damages suffered by Oldcastle in an amount according to proof not less than $264,260.78;

2. For a judgment against Turner for prejudgment interest, as well as the attorneys' fees, court costs and expenses incurred by Oldcastle in the prosecution of this action against Turner; and

3. For such other relief as the Court deems just and proper.

This 23rd day of October, 2017.

Respectfully Submitted,

                                                  OLDCASTLE LAW GROUP

                                                  /s/ David M. Toolan
                                                  David M. Toolan
                                                  Georgia Bar No. 714620

                                                  /s/ Sarah T. Brooks
                                                  Sarah T. Brooks
                                                  Georgia Bar No. 142392
                                                  *Attorneys for Defendants*

OLDCASTLE LAW GROUP
900 Ashwood Parkway
Suite 600
Atlanta GA 30338
Telephone: 770/392-5368
David.Toolan@oldcastlelaw.com